1
2
3
4
5

CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

6

Attorneys for Plaintiff

7
8
9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 **Orlando Garcia**, | **Case No**. |
| 12     Plaintiff, | |
| 13   v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| 14 **Young Ho Suh,** in individual and representative capacity as trustee of The Young Ho Suh Family Trust; | |
| 15 **Kun Rai Suh,** in individual and representative capacity as trustee of The Young Ho Suh Family Trust; | |
| 16 | |
| 17 **NYLA Pollo, Inc.,** a California Corporation; and Does 1-10, | |
| 18     Defendants. | |
| 19 | |

20      Plaintiff Orlando Garcia complains of Young Ho Suh, in individual and

21 representative capacity as trustee of The Young Ho Suh Family Trust; Kun Rai

22 Suh, in individual and representative capacity as trustee of The Young Ho Suh

23 Family Trust; NYLA Pollo, Inc., a California Corporation; and Does 1-10

24 ("Defendants"), and alleges as follows:

25
26

27 **PARTIES:**

28 1.  Plaintiff is a California resident with physical disabilities. Plaintiff is a

Complaint

1  level C-5 quadriplegic. He also suffers from Cerebral Palsy. He has manual
2  dexterity issues. He uses a wheelchair for mobility.

3     2.  Defendants Young Ho Suh and Kun Rai Suh, in individual and
4  representative capacity as trustee of The Young Ho Suh Family Trust, owned
5  the real property located at or about 11190 Atlantic Avenue, Lynwood,
6  California, in January 2020.

7     3.  Defendants Young Ho Suh and Kun Rai Suh, in individual and
8  representative capacity as trustee of The Young Ho Suh Family Trust, own the
9  real property located at or about 11190 Atlantic Avenue, Lynwood, California,
10  currently.

11     4.  Defendant NYLA Pollo, Inc. owned Pepe's Pollo located at or about
12  11190 Atlantic Avenue, Lynwood, California, in January 2020.

13     5.  Defendant NYLA Pollo, Inc. owns Pepe's Pollo ("Restaurant") located
14  at or about 11190 Atlantic Avenue, Lynwood, California, currently.

15     6.  Plaintiff does not know the true names of Defendants, their business
16  capacities, their ownership connection to the property and business, or their
17  relative responsibilities in causing the access violations herein complained of,
18  and alleges a joint venture and common enterprise by all such Defendants.
19  Plaintiff is informed and believes that each of the Defendants herein,
20  including Does 1 through 10, inclusive, is responsible in some capacity for the
21  events herein alleged, or is a necessary party for obtaining appropriate relief.
22  Plaintiff will seek leave to amend when the true names, capacities,
23  connections, and responsibilities of the Defendants and Does 1 through 10,
24  inclusive, are ascertained.

25

26  **JURISDICTION & VENUE:**
27     7.  The Court has subject matter jurisdiction over the action pursuant to 28
28  U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

Complaint

1    Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

2    8. Pursuant to supplemental jurisdiction, an attendant and related cause

3    of action, arising from the same nucleus of operative facts and arising out of

4    the same transactions, is also brought under California's Unruh Civil Rights

5    Act, which act expressly incorporates the Americans with Disabilities Act.

6    9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

7    founded on the fact that the real property which is the subject of this action is

8    located in this district and that Plaintiff's cause of action arose in this district.

9

10    **FACTUAL ALLEGATIONS:**

11    10. Plaintiff went to the Restaurant in January 2020 with the intention to

12    avail himself of its goods, motivated in part to determine if the defendants

13    comply with the disability access laws.

14    11. The Restaurant is facility open to the public, a place of public

15    accommodation, and a business establishment.

16    12. Unfortunately, on the date of the plaintiff's visit, the defendants failed

17    to provide wheelchair accessible dining surfaces in conformance with the ADA

18    Standards as it relates to wheelchair users like the plaintiff.

19    13. On information and belief, the defendants currently fail to provide

20    wheelchair accessible dining surfaces.

21    14. Additionally, on the date of the plaintiff's visit, the defendants failed to

22    provide wheelchair accessible sales counters in conformance with the ADA

23    Standards as it relates to wheelchair users like the plaintiff.

24    15. On information and belief, the defendants currently fail to provide

25    wheelchair accessible sales counters.

26    16. These barriers relate to and impact the plaintiff's disability. Plaintiff

27    personally encountered these barriers.

28    17. As a wheelchair user, the plaintiff benefits from and is entitled to use

Complaint

1   wheelchair accessible dining surfaces and sales counters. By failing to provide

2   accessible facilities, the defendants denied the plaintiff full and equal access.

3       18. The failure to provide accessible facilities created difficulty and

4   discomfort for the Plaintiff.

5       19. The defendants have failed to maintain in working and useable

6   conditions those features required to provide ready access to persons with

7   disabilities.

8       20. The barriers identified above are easily removed without much

9   difficulty or expense. They are the types of barriers identified by the

10  Department of Justice as presumably readily achievable to remove and, in fact,

11  these barriers are readily achievable to remove. Moreover, there are numerous

12  alternative accommodations that could be made to provide a greater level of

13  access if complete removal were not achievable.

14      21. Plaintiff will return to the Restaurant to avail himself of its goods and to

15  determine compliance with the disability access laws once it is represented to

16  him that the Restaurant and its facilities are accessible. Plaintiff is currently

17  deterred from doing so because of his knowledge of the existing barriers and

18  his uncertainty about the existence of yet other barriers on the site. If the

19  barriers are not removed, the plaintiff will face unlawful and discriminatory

20  barriers again.

21      22. Given the obvious and blatant nature of the barriers and violations

22  alleged herein, the plaintiff alleges, on information and belief, that there are

23  other violations and barriers on the site that relate to his disability. Plaintiff will

24  amend the complaint, to provide proper notice regarding the scope of this

25  lawsuit, once he conducts a site inspection. However, please be on notice that

26  the plaintiff seeks to have all barriers related to his disability remedied. See

27  Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

28  encounters one barrier at a site, he can sue to have all barriers that relate to his

Complaint

1 disability removed regardless of whether he personally encountered them).

2

3 **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

4 **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

5 Defendants.) (42 U.S.C. section 12101, et seq.)

6    23. Plaintiff re-pleads and incorporates by reference, as if fully set forth

7 again herein, the allegations contained in all prior paragraphs of this

8 complaint.

9    24. Under the ADA, it is an act of discrimination to fail to ensure that the

10 privileges, advantages, accommodations, facilities, goods and services of any

11 place of public accommodation is offered on a full and equal basis by anyone

12 who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

13 § 12182(a). Discrimination is defined, inter alia, as follows:

14         a. A failure to make reasonable modifications in policies, practices,

15            or procedures, when such modifications are necessary to afford

16            goods, services, facilities, privileges, advantages, or

17            accommodations to individuals with disabilities, unless the

18            accommodation would work a fundamental alteration of those

19            services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

20         b. A failure to remove architectural barriers where such removal is

21            readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

22            defined by reference to the ADA Standards.

23         c. A failure to make alterations in such a manner that, to the

24            maximum extent feasible, the altered portions of the facility are

25            readily accessible to and usable by individuals with disabilities,

26            including individuals who use wheelchairs or to ensure that, to the

27            maximum extent feasible, the path of travel to the altered area and

28            the bathrooms, telephones, and drinking fountains serving the

Complaint

altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

25. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

26. Here, accessible dining surfaces have not been provided.

27. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

28. Here, accessible sales or transaction counters have not been provided.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.  The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California.  Cal. Civ. Code §51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the

Complaint

1  Unruh Act.  Cal. Civ. Code, § 51(f).

2      34. Defendants' acts and omissions, as herein alleged, have violated the

3  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

4  rights to full and equal use of the accommodations, advantages, facilities,

5  privileges, or services offered.

6      35. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

7  discomfort or embarrassment for the plaintiff, the defendants are also each

8  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

9  (c).)

10

11      **PRAYER**:

12          Wherefore, Plaintiff prays that this Court award damages and provide

13  relief as follows:

14      1. For injunctive relief, compelling Defendants to comply with the

15  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

16  plaintiff is not invoking section 55 of the California Civil Code and is not

17  seeking injunctive relief under the Disabled Persons Act at all.

18      2. Damages under the Unruh Civil Rights Act, which provides for actual

19  damages and a statutory minimum of $4,000 for each offense.

20      3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

21  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

22

23  Dated: February 10, 2020          CENTER FOR DISABILITY ACCESS

24

25                                    By:

26                                    _____

27                                         Russell Handy, Esq.
                                           Attorney for plaintiff

28

7

Complaint