CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Belen Acevedo,** | **Case No**. 2:20-cv-01490-PSG-RAO |
| Plaintiff, | |
| v. | |
| **Young Ho Suh,** in individual and representative capacity as trustee of The Young Ho Suh Family Trust; **Kun Rai Suh,** in individual and representative capacity as trustee of The Young Ho Suh Family Trust; **NYLA Pollo, Inc.,** a California Corporation; and Does 1-10, | **Plaintiff's Case Statement** |
| Defendants. | |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed March 26, 2020, the plaintiff submits his Plaintiff's Case Statement.

## A.    Itemized List

The specific conditions at the site that form the basis of this lawsuit are the lack of accessible dining surfaces and sales counters at the Pepe's Pollo ("Restaurant") located in Lynwood, California.

1

1.  Lack of Accessible Dining Surfaces:



❖ When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces. *2010 Standards § 306.*

❖ Here, dining surfaces were fixed and did not provide the clearances necessary for wheelchair users.

❖ Hence, accessible dining surfaces have not been provided.

❖ The included photo of the Facility depicts the above violation.

2

1

2.  Lack of Accessible Sales Counters:

2

3



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  ❖ When a business provides facilities such as sales or transaction

24     counters, it must provide accessible sales or transaction counters.
       *2010 Standards § 302.1.*

25  ❖ Here, the sales counter was more than 36 inches in height. In fact,

26     the sales counter was about 42 inches in height.

27  ❖ There was no lowered, 36 inch portion of the sales counter for use by

28     persons in wheelchairs to conduct transactions.

3

---

❖ Hence, accessible sales counters have not been provided.

❖ The included photo of the Facility depicts the above violation.

*Note*: As stated in the Complaint, given the obvious violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. See *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

**B.    Amount of Damages**

Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment.  Cal. Civ. Code § 52(a); 54.3(a).  "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover."  Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000).  The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)). Each responsible party under the ADA is individually liable for the denial of rights. Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 849-851 (9th Cir. 2004).

The Unruh Civil Rights Acts provides for minimum statutory penalties of $4,000 plus actual damages for each offense against each responsible entity.

Thus, Plaintiff claims $4,000 in statutory penalties against the property owners, Young Ho Suh and Kun Rai Suh and $4,000 against the business, NYLA Pollo, Inc. for a sum total of $8,000. If this matter proceeds beyond mediation, Plaintiff will additionally be seeking damages for on-going deterrence.

**C.    Demand for Settlement of Case**

First, to provide for accessible dining surfaces and sales counters at the Restaurant.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

Lastly, to settle this matter globally at mediation, that Defendants pay $8,000 in statutory penalties and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: April 9, 2020                    CENTER FOR DISABILITY ACCESS


                                        By: */s/ Dennis Price*
                                        Dennis Price, Esq.
                                        Attorney for Plaintiff